**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| The Siam Industrial Wire Co., Ltd., | ) | **Court No. 25-cv-00042** |
| *Plaintiff,* | ) | |
| v. | ) | |
| UNITED STATES, | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff, The Siam Industrial Wire Co., Ltd., by and through the undersigned counsel, alleges as follows:

### JURISDICTION AND STANDING

1.  This is a civil action contesting the denial by U.S. Customs and Border Protection ("CBP") of protests filed under Section 514 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1514.

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which grants the Court exclusive jurisdiction over any civil action commenced to contest the denial of a protest, in whole or in part, under 19 U.S.C. § 1515.

3.  Plaintiff is a company organized under the laws of Thailand, with its address at 555 Phaholyothin Road, Rasa Tower 1, 14th Floor, Chatuchak, Thailand.

1

4.    Plaintiff was the importer of record, manufacturer, producer, seller, and/or exporter of the prestressed concrete steel wire strand ("PC strand") covered by the entries at issue in this action.

5.    Plaintiff filed the protests at issue in this action and paid all liquidated duties, charges, or exactions assessed by CBP on the subject entries before commencing this action.

6.    Plaintiff is the real party in interest and has standing to bring this action.

7.    Defendant, the United States, is the proper defendant in this action because this action challenges decisions by CBP, an agency of the U.S. Department of Homeland Security.

## TIMELINESS OF THE ACTION

8.    The entries at issue were liquidated on December 22, 2023.

9.    Plaintiff timely filed Protest Nos. 130324104184 and 530124109846 on June 6, 2024, within 180 days of liquidation.

10.    CBP denied both Protest Nos. 130324104184 and 530124109846 on August 16, 2024.

11.    Plaintiff timely commenced this action by filing a summons on February 5, 2025, within 180 days of CBP's denial of the protests.

12.    Accordingly, this action is timely under 28 U.S.C. § 2636(a)(1).

## STATEMENT OF THE FATCS

13.    The merchandise at issue consists of prestressed concrete steel wire strand from Thailand, entered under antidumping duty case number A-549-820.

14.    The merchandise was entered during the period of review January 1, 2021 through December 31, 2021.

15. The entries at issue were made at the Ports of Baltimore and Houston and were covered by Protest Nos. 130324104184 and 530124109846.

16. Protest No. 130324104184 covered the following Baltimore entries:

| Entry Number | Date of Entry | Date of Liquidation | Port Code |
|---|---|---|---|
| 00231319146 | 05/17/2021 | 12/22/2023 | 1303 |
| 00231319435 | 05/17/2021 | 12/22/2023 | 1303 |
| 00231319252 | 05/29/2021 | 12/22/2023 | 1303 |
| 00231319260 | 05/29/2021 | 12/22/2023 | 1303 |

17. Protest No. 530124109846 covered the following Houston entries:

| Entry Number | Date of Entry | Date of Liquidation | Port Code |
|---|---|---|---|
| 00231320854 | 11/08/2021 | 12/22/2023 | 5301 |
| 00231320292 | 09/11/2021 | 12/22/2023 | 5301 |
| 00231319351 | 05/19/2021 | 12/22/2023 | 5301 |
| 00231319138 | 05/17/2021 | 12/22/2023 | 5301 |

18. The Department of Commerce ("Commerce") conducted an Antidumping Duty Administrative Review for *Prestressed Concrete Steel Wire Strand From Thailand* for the period January 1, 2021 through December 31, 2021. See *Prestressed Concrete Steel Wire Strand From Thailand*: Final Results of Antidumping Duty Administrative Review; 2021; 88 Fed. Reg. 47479 (Dep't of Commerce July 24, 2023) ("Final Result"), and accompanying Issues and Decision Memorandum for the Final Results of the 2021 Antidumping Duty Administrative Review:

3

*Prestressed Concrete Steel Wire Strand from Thailand*, (Dep't Commerce July 18, 2023) ("Order").

19.    The subject merchandise covered by the order is steel strand produced from wire of non-stainless, non-galvanized steel, which is suitable for use in prestressed concrete (both pre-tensioned and post tensioned) applications. The subject merchandise is currently classifiable under subheadings 7312.10.3010 and 7312.10.3012 of the Harmonized Tariff Schedule of the United States ("HTSUS").

20.    On August 30, 2023, Commerce issued liquidation instructions to CBP in Message No. 3242406.

21.    Message No. 3242406 instructed CBP to assess antidumping duties at 1.98% for shipments of PC strand from Thailand produced and exported by THE SIAM INDUSTRIAL WIRE CO., LTD., entered during the period January 1, 2021 through December 31, 2021, and imported by or sold to the listed importer or customer.

22.    Message No. 3242406 contained a clerical error in THE SIAM INDUSTRIAL WIRE CO., LTD.'s name, referring to "The Siam Wire Industrial Co., Ltd." instead of "The Siam Industrial Wire Co., Ltd."

23.    On or about February 1, 2024, Commerce issued corrected Message No. 4032410.

24.    Message No. 4032410 corrected the company name in the prior instruction and confirmed that the correct company name is "The Siam Industrial Wire Co., Ltd."

25.    Message No. 4032410 instructed CBP to assess antidumping duties at 1.98% for all shipments of PC strand from Thailand produced and exported by The Siam Industrial Wire Co., Ltd., entered during the period January 1, 2021 through December 31, 2021, and imported by or sold to the listed importer or customer.

4

26.    Message No. 4032410 further instructed CBP to assess antidumping duties at the all-others rate of 12.91% only for shipments not covered by the company-specific instruction.

27.    The entry documents identified Plaintiff, The Siam Industrial Wire Co., Ltd., as the importer of record.

28.    The entry documents identified Plaintiff, The Siam Industrial Wire Co., Ltd., as the manufacturer of the subject merchandise.

29.    The commercial invoices identified the merchandise as "7-WIRE PC STRAND," with the HTSUS 7312.10.3012. The merchandise is covered by the scope of the Order.

30.    The commercial invoices identified Thailand as the country of origin.

31.    The commercial invoices identify Tata Steel International (Americas) Inc. as the U.S. customer.

32.    Tata Steel International (Americas) Inc. is also identified in the entry documents as the ultimate consignee.

33.    The commercial invoices show direct sales from The Siam Industrial Wire Co., Ltd. to the U.S. customer.

34.    There was no intervening sale from The Siam Industrial Wire Co., Ltd. to Siam Shoreside Services or to any other intermediate exporter.

35.    Siam Shoreside Services is a port service provider in Thailand that provides container-yard and related port services, including receiving, returning, releasing, loading, unloading, and moving containers.

36.    Siam Shoreside Services does not export products and did not take title to or otherwise control or export the merchandise covered by the subject entries.

37. The Siam Industrial Wire Co., Ltd. has no connection with Siam Shoreside Services for sales to the United States and did not use Siam Shoreside Services for any U.S. sales.

38. The Siam Industrial Wire Co., Ltd. exported the merchandise covered by the subject entries.

39. The identification of Siam Shoreside Services as the "foreign exporter" resulted from a clerical data-entry error in CBP's ACE module by the customs broker at the time of entry transmission.

40. As a result of the clerical, data-entry error by the customs broker, the 7501 entry summary inadvertently identified an incorrect Foreign Exporter MID, "THSIASHO334BAN", which identifies Siam Shoreside Services.

41. The correct Foreign Exporter MID should have been THSIAIND555CHA, associated with The Siam Industrial Wire Co., Ltd. The error occurred when the customs broker clicked on the wrong company in its drop-down menu list of parties from Thailand and did not correct the mis-click when transmitting the 7501 entry summary to CBP.

42. Upon liquidation on December 22, 2023, CBP assessed antidumping duties on the subject entries at the 12.91% all-others rate instead of the 1.98% company-specific rate determined by Commerce for The Siam Industrial Wire Co., Ltd.

43. CBP issued bills to Plaintiff for additional antidumping duties and interest based on the 12.91% rate.

44. Plaintiff paid the amounts billed by CBP.

45. Plaintiff timely protested CBP's liquidation of the subject entries, asserting that CBP improperly applied the 12.91% all-others rate and should have liquidated the entries at the 1.98% rate specified in Commerce's instructions.

46. CBP denied Protest Nos. 130324104184 and 530124109846 on August 16, 2024.

47. In denying the protests, CBP stated that Commerce Messages 3242406 and 4032410 required the PC strand to be produced and exported by The Siam Industrial Wire Co., Ltd.

48. CBP acknowledged that its records showed the manufacturer of the entries was The Siam Industrial Wire Co., Ltd.

49. CBP nevertheless denied the protests because CBP's records identified the foreign exporter as Siam Shoreside Services and CBP concluded that the manufacturer and exporter were not the same.

50. CBP therefore concluded that the entries did not qualify for the 1.98% rate under Commerce's instructions and were subject to the 12.91% rate.

51. CBP's denial was incorrect because CBP treated the foreign exporter field, which is manually entered by a customs broker in the ACE module as controlling, even though all entry documents and commercial invoices establish The Siam Industrial Wire Co., Ltd. as the manufacturer seller, importer of record, and foreign exporter of the subject merchandise.

52. CBP's denial was also incorrect because the clerical data-entry error identifying Siam Shoreside Services as the foreign exporter did not reflect the actual commercial transaction.

53. CBP's denial was further incorrect because Siam Shoreside Services did not sell, produce, export, or otherwise act as an intermediate exporter for the subject merchandise at issue here.

54. Plaintiff does not challenge Commerce's final results, Commerce's antidumping duty rate, or the scope of the antidumping duty order.

55. Plaintiff challenges only CBP's liquidation decision and CBP's incorrect application of Commerce's liquidation instructions to the subject entries.

## COUNT I

### CBP INCORRECTLY ASSESSED ANTIDUMPING DUTIES AT THE 12.91% ALL-OTHERS RATE INSTEAD OF THE SIAM INDUSTRIAL WIRE CO., LTD.'S 1.98% COMPANY-SPECIFIC RATE

56. Plaintiff repeats and incorporates by reference paragraphs 1 through 55 as if fully set forth herein.

57. Commerce determined that The Siam Industrial Wire Co., Ltd.'s antidumping duty assessment rate for the relevant period of review was 1.98%.

58. Commerce's corrected liquidation instructions directed CBP to assess antidumping duties at 1.98% for entries of PC strand from Thailand produced and exported by The Siam Industrial Wire Co., Ltd. and imported by or sold to the listed importer or customer during the relevant period.

59. The subject entries were entries of PC strand from Thailand covered by Commerce's corrected liquidation instructions.

60. CBP nevertheless liquidated the subject entries at the 12.91% all-others rate based on an erroneous identification of Siam Shoreside Services as the foreign exporter.

61. The identification of Siam Shoreside Services as the foreign exporter was a clerical data-entry error and did not reflect the actual commercial transaction.

62. CBP's liquidation of the subject entries at the 12.91% all-others rate, and its denial of Plaintiff's protests, were contrary to Commerce's corrected liquidation instructions.

63.     Plaintiff is entitled to reliquidation of the subject entries at the 1.98% assessment rate applicable to The Siam Industrial Wire Co., Ltd., with a refund of excess antidumping duties and interest paid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and:

(a) hold that CBP incorrectly denied Protest Nos. 130324104184 and 530124109846;

(b) hold that CBP incorrectly assessed antidumping duties on the subject entries at the 12.91% all-others rate;

(c) hold that the subject entries should have been liquidated at The Siam Industrial Wire Co., Ltd.'s 1.98% antidumping duty assessment rate pursuant to Commerce's corrected liquidation instructions;

(d) order CBP to reliquidate the subject entries at the 1.98% antidumping duty assessment rate;

(e) order CBP to refund all excess antidumping duties and excess interest paid by Plaintiff, together with interest as provided by law;

(f) award Plaintiff its costs; and

(g) grant such other and further relief as the Court deems just and proper.


Respectfully submitted,


/s/ Mark B. Lehnardt
Mark B. Lehnardt
Davis & Leiman PLLC.
1025 Connecticut Ave., N.W. Suite 1012

9

Washington, D.C. 20036
mlehnardt@dltrade.com
*Lead Attorney*
Attorney for Plaintiff
*The Siam Industrial Wire Co., Ltd.*


/s/ Irene H. Chen
Irene H. Chen
VCL Law LLP
1945 Old Gallows Road, Suite 260
Virginia 22182
ichen@vcllegal.com
Attorney for Plaintiff
*The Siam Industrial Wire Co., Ltd.*


Dated: July 27, 2026